UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SAMUEL AHWIRENG, individually and on
behalf of all other similarly situated persons,

         Plaintiffs,

-against-

D.H.E. COMPANY, INC., and DOUGLAS
COHEN

         Defendants,
------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

  Plaintiff SAMUEL AHWIRENG, by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

  1. Plaintiff brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

  2. Plaintiff also brings this action, on behalf of himself, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2. Plaintiff seeks, unpaid wages, unpaid overtime, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other

1

damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

3. Plaintiff also brings this action, to remedy violations of the Connecticut Minimum Wage Act ("CMWA"). Plaintiff seeks, unpaid wages, unpaid overtime, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

7. Plaintiff SAMUEL AHWIRENG ("Plaintiff") resides in the County of Kings in the State of New York. At all relevant times, Plaintiff was employed by Defendants as a helper and carpentry worker, as described herein, from in or around September 2013 until on or about September 16, 2016.

8. Plaintiff's written consent to sue is attached hereto as Exhibit "A"

9. Defendant D.H.E. COMPANY, INC., is a New York State domestic corporations licensed to do business in the State of New York, with its principal office and place of business at 37 Canal Street, Suite 5, New York, NY, 10002.

10. Defendant DOUGLAS COHEN ("Defendant Cohen") is the owner, chairman/chief executive officer, manager and/or operator of Defendant D.H.E. COMPANY, INC., Defendant Cohen has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

11. Defendants D.H.E. COMPANY, INC. and DOUGLAS COHEN are herein collectively referred to as "Defendants".

12. Defendants grossed more than $500,000.00 in each of the last six calendar years.

13. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants have employed "employee[s]", including Plaintiff, each of the FLSA Collective Plaintiffs.

## FACTUAL ALLEGATIONS

14. Defendants operate a construction company through their New York, New York location.

15. At all times relevant hereto, Defendants employed Plaintiff and the FLSA Collective Plaintiffs as non-exempt helpers and carpentry workers.

3

16. From in or around July 2015 through on or about September 2016 ("the relevant time period") Defendants assigned Plaintiff and the FLSA Collective Plaintiffs to work at one of their projects/job sites in Connecticut.

17. Defendants agreed to pay -and paid- Plaintiff and the FLSA Collective Plaintiffs for the time spent traveling from Queens or the Bronx to the Connecticut job site.

18. Throughout the relevant time period, Defendants considered the travel time to be hours worked.

19. Throughout the relevant time period, Plaintiff considered the travel time to be hours worked.

20. Throughout the relevant time period, the Parties considered travel time to be hours worked.

21. Throughout the relevant time period, Defendants required Plaintiff to meet his supervisor in Queens, New York by between 6:25am and 6:30am, in order for them to travel to Connecticut together.

22. Plaintiff and the FLSA Plaintiffs would arrive to the Connecticut job site at approximately 7:30am.

23. Plaintiff and the FLSA Collective members would work on the job site from approximately 7:30am until between 4:10pm and 4:15pm.

24. At the end of their daily shifts, Plaintiff and the FLSA Collective Plaintiffs would travel back to the original meeting locations in Queens or the Bronx.

25. Defendants scheduled Plaintiff to work- and Plaintiff worked- 5 days a week, working at least 50 hours per work week.

26. Defendants scheduled the FLSA Collective Plaintiff to work 5 days a week, working at least 50 hours per work week.

27. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of 40 hours a work week.

28. During the relevant time period, Defendants paid Plaintiff between $13.00 and $18.00 for some but not all hours worked, which is far below the overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week.

29. Defendants paid Plaintiff and the FLSA Collective Plaintiffs straight time pay for hours worked up to 10 hours a day.

30. Defendants did not pay Plaintiff and the FLSA Collective Plaintiffs an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

31. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

32. Upon information and belief, Defendants violated NYLL § 195(3) by failing to furnish Plaintiff with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

33. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

34. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA and the NYLL.

35. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as a helper or carpentry worker, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

37. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

38. Other helpers and carpentry workers currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-

exempt employees including helpers to receive notice of the action and allow them to opt in to such an action if they so choose.

39. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

40. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

41. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

42. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

43. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

44. Because Defendant's violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
(Failure to Pay Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself)

45. Plaintiff, on behalf of himself, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

46. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

47. Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff the required overtime rates for hours worked in excess of forty (40) hours per workweek.

48. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

49. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
(Notice Violations & Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself)

50. Plaintiff, on behalf of himself, realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

51. Defendants failed to supply Plaintiff with notice as required by NYLL § 195, in English or in the languages identified by Plaintiff as his/her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

52. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

53. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendants $250 for each workday that the violations occurred or continue to occur, or a total of $5,000, as provided for by NYLL § 198(1)-d, and $50 dollars for each workday that the violations occurred or continue to occur, or a total of $5,000, as provided for by

NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

### FOURTH CLAIM FOR RELIEF
(Failure to Pay Overtime Wages – CMWA, Brought by Plaintiff on Behalf of Himself)

54. Plaintiff, on behalf of himself, realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

55. Based upon the foregoing, Defendants' conduct in this regard was a willful violation of the CMWA, in that Defendants knew or should have known that Plaintiff was entitled to be paid one-and-one-half times his regular rate of pay for all hours worked in excess of forty per week, but failed to do so.

56. Defendants' conduct in failing to pay Plaintiff his earned compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that Plaintiff was entitled to be paid for all hours worked in excess of forty per week at one-and-one-half times their regular rate of pay, but failed to do so.

57. Accordingly, Plaintiff is entitled to compensation at one-and-one-half times his regular rate of pay for all hours worked in excess of forty per week, penalty damages, attorneys' fees, and court costs, pursuant to Connecticut General Statutes Section 31-68.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) An award of damages, according to proof, including FLSA, NYLL, and CMWA liquidated damages, and interest, to be paid by Defendants;

(c) Costs of action incurred herein, including expert fees;

(d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(e) Pre-Judgment and post-judgment interest, as provided by law; and

(f) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: October 27, 2016

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff and Proposed Collective Action Plaintiffs*

# EXHIBIT A

I am a current or former employee of D.H.E. COMPANY, INC., DOUGLAS COHEN, and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this ____ day of __10-14-__, 2016.

_____
Signature

SAMUEL ATTWIRENGE
Full Legal Name (print)